IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL S. PLYMALE,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:08-1055

ALAN ROBY and
MARK A. ROBY,

        Defendants.

**ORDER**

Pending before the Court are three motions: 1) the motion by defendant Mark Roby to set aside the order granting Plaintiff's Motion To Amend Complaint (Doc. 22); 2) Plaintiff's Motion for Default Judgment (Doc. 25); and, 3) Defendants' Motion to Set Aside Entry of Default by Clerk (Doc. 30). For the reasons explained below, the motion to set aside the order permitting an amended complaint is **DENIED**. Plaintiff's Motion for Default Judgment is **DENIED**, and Defendants' Motion to Set Aside Entry of Default by Clerk is **GRANTED**.

**Background**

This case arises from an automobile accident. Defendant Mark Roby's truck struck Plaintiff's car in a parking garage, located in Huntington West Virginia, on September 16, 2006. Plaintiff was unable to ascertain the driver of the car at the time of the accident as the driver claimed to have no identification, insurance or registration. Plaintiff was, however, given insurance information, which listed Mark Roby as the owner of the vehicle. He filed suit in this Court on September 10, 2008 against Mark Roby, naming him as the driver of the offending vehicle.

On April 28, 2009, Plaintiff filed a motion to amend his complaint. In an answer to the original complaint Mark Roby raised a defense on the issue of liability, asserting that he was not the driver of the offending vehicle. Rather, his brother, Alan Roby was driving at the time of the accident. Plaintiff sought leave to amend in order to add Alan Roby as a party. On May 14, 2009, the Court granted Plaintiff's motion to amend. Mark Roby filed his motion for reconsideration or to set aside the order on June 5, 2009.

On June 23, 2009, Plaintiff filed a motion for entry of default against both Mark Roby and Alan Roby, based on the failure to respond to the amended complaint. The Clerk entered default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on June 24, 2009. Immediately thereafter (within the same day) counsel for Mark and Alan Roby filed an answer to the Amended Complaint and a motion to set aside the entry of default.

Plaintiff has also filed a motion for default judgment, which has yet to be addressed by the Court.

### Discussion

**I.   Plaintiff's Motion to Set Aside the Court's Order Granting Permission to Amend Plaintiff's Complaint is Denied.**

Defendant Mark Roby argues that the Court's May 14, 2009 Order was the first notice Mr. Gabehart – Defendant's principal attorney – had of the Plaintiff's motion to amend his complaint. Mark Roby argues that had he been earlier aware of the motion, he would have filed a response in opposition. He argues that the addition of Alan Roby to the suit is barred by the applicable statute of limitations.

The Court stands by its May 14th decision to grant leave to amend. As explained in the prior Order, such leave should be freely given when justice so requires. *See* Fed. R. Civ. P. 15. As

interpreted by the Fourth Circuit Court of Appeals, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvazian,* 535 F.3d 295, 298 (4th Cir. 2008). None of these circumstances are apparent here.

While Defendant Alan Roby may have a meritorious defense based on the applicable statute of limitations, the Court need not address that argument here. He is welcome to raise the issue in a subsequent motion to dismiss.

## II. Defendants' Motion to Set Aside Default is Granted.

Plaintiff served his Amended complaint through the Secretary of State. It was received by each defendant, personally and not through counsel. Defendants believed that their attorney would also receive notice and, therefore, did not advise him of service. When defense counsel became aware of the situation, upon notice of the Clerk's entry of default, he acted quicky in an attempt to rectify the situation. On the same day default was entered he filed an answer as well as a motion to set aside default.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Here, Mark Roby timely answered the original complaint. He was personally served with the amended complaint and believed, not unreasonably, that his attorney would timely respond on his behalf. He is a litigant unfamiliar with the legal system and deserves a chance to defend himself on the merits of the case. In short, the Court **FINDS** Mark Roby has demonstrated good cause to set aside the entry of default.

Alan Roby is likewise an unsophisticated litigant. He has been newly added to the complaint and has asserted a statute of limitations defense. He too deserves a chance to defend himself on the

merits of the case. The Court **FINDS** Alan Roby has demonstrated good cause to set aside the entry of default. Defendants' motion to set aside default is **GRANTED**.

### III. Plaintiff's Motion for Default Judgment is Denied.

As explained above, the Court has set aside the Clerks' entry of default. As such, the motion for entry of default judgment must be **DENIED**.

### Conclusion

For the reasons explained above, Defendant's motion to set aside the order permitting an amended complaint (Doc. 22) is **DENIED**. Plaintiff's Motion for Default Judgment (Doc. 25) is **DENIED**, and Defendants' Motion to Set Aside Entry of Default by Clerk (Doc. 30) is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 6, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE