IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL S. PLYMALE,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:08-1055

ALAN ROBY and
MARK A. ROBY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff, Michael Plymale's Motion for Summary Judgment Against the Defendant, Alan Roby, with Respect to Liability (Doc. 52). Defendant Alan Roby has not filed a response to the motion. For reasons apparent to the Court, and further explained below, the Court **GRANTS** Plaintiff's motion.

**Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from

which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The failure of a party to respond does not guarantee summary judgment on behalf of the movant. *See Custer v. Pan American Life Ins. Co.* 12 F.3d 410, 416 (4th Cir. 1993). Although this failure may leave facts uncontested, the moving party must still demonstrate that the facts on record support its entitlement to judgment as a matter of law. *Id.* The duty of the court to review the record is made clear in Fed. R. Civ. P. 56(e), which provides, "if the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party." *Id.* (quoting Rule 56).

## Discussion

This case arose from a September 16, 2006, automobile accident in the parking garage of Pullman Square in Huntington, West Virginia. Defendant Alan Roby was driving a vehicle owned and insured by his brother, Mark Roby. While pulling out of a parking space, the Defendants' vehicle struck another car, driven by Plaintiff Michael Plymale. In response to interrogatories and in deposition Defendant Alan Roby has admitted fault for the accident – that he failed to operate due care in the operation of his vehicle. Based on these responses, Plaintiff has filed the instant motion for summary judgment against Alan Roby on the issue of liability. Defendants do not oppose the motion.

Defendant Alan Roby has candidly conceded that he is at fault for the accident. He has not opposed the current motion for partial summary judgment against him. From the uncontested facts in the record, the Court **FINDS** it appropriate to grant partial summary judgment in favor of Plaintiff

Michael Plymale against Defendant Alan Roby on the issue of liability. Plaintiff's motion is hereby **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:  November 30, 2009

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE